Kelderhouse v. Saveland.

## JOHN KELDERHOUSE
### v.
## ZACHARIUS SAVELAND.

1. PLEADING AND EVIDENCE—SPECIAL CONTRACT.—In actions upon special contracts, the allegations and proofs must agree, or no recovery can be had.

2. EXECUTORY CONTRACT—DAMAGES—INTEREST.—In an action for breach of an executory contract sounding in damages only, no interest can be allowed on a recovery, under the statute of this State.

3. EVIDENCE.—The admission as evidence of a statute of Wisconsin, incorporating the Chamber of Commerce of Milwaukee, and of certain proceedings before the board of arbitrators of such corporation in respect to the subject matter of this suit, *held* to be error.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. GARDNER & SCHUYLER, for appellant; that allegations and proofs must agree, cited Wheeler v. Reed, 36 Ill. 81; Taylor v. Riddle, 35 Ill. 567; Davidson v. Johnson, 31 Ill. 523; Streeter v. Streeter, 43 Ill. 155; Spangler v. Pugh, 21 Ill. 85; McEwen v. Morey, 60 Ill. 32; Tracy v. Rogers, 69 Ill. 662.

That declaration should have been for breach of contract, 1 Chit. Pl. 350; Lightfoot v. Creed, 2 Moore, 255; Child v. Morley, 8 T. R. 611; Durand v. Burt, 98 Mass. 161; Russell v. Gilmore, 54 Ill. 147; Ward v. Taylor, 56 Ill. 494; Seckel v. Scott et al. 66 Ill. 106; Meyers v. Schemp et al. 67 Ill. 469.

No ratification of agency, Mead v. Brothers, 28 Wis. 689; Ladd v. Hildebrant, 27 Wis. 135; Ætna Ins. Co. v. Northwestern Ins. Co. 21 Wis. 458; Nixon v. Palmer, 4 Selden, 401; Rowan v. Hyatt, 45 N. Y. 138; Cadwell v. Meek, 17 Ill. 220; Mathews v. Hamilton, 23 Ill. 470; Williams v. Merritt, 23 Ill. 623; Livings v. Wiler, 32 Ill. 387; Man'frs Nat. Bank v. Barnes, 65 Ill. 69; Durand v. Burt, 98 Mass. 161; Hapless v. Straw, 10 Leigh, 348; D'Arcy v. Lyle, 5 Binney, 441; Mainwaring v. Bradon, 8 Taunt. 201; Powell v. Newburg, 19 Johns. 287.

Admission of evidence, Saveland v. Green, 40 Wis. 431; Morse on Arbitration, 519; Kyd on Awards 104; Lady Wenman v. McKenzey, 5 Ellis & B. 458; Smith v. Webber, 1 Adol. & E. 119.

Defective declaration, Child v. Morley, 8 T. R. 611; Powell v. Newberge, 19 John. 287.

As to agency, Livermore on Agency, 54; Bac. Abr. Authority D.; Humble v. Hunter, 12 Q. B. 310; Cochran v. Irlam, 2 M. & S. 301; Solly et al. v. Rathbone et al. 2 M. & S. 298; Schmaling v. Tomlinson et al. 6 Taunt. 147; Catlin v. Bell, 4 Camp. 183; Story on Agency, 147; Long v. Coburn, 11 Mass. 97; Stackpole v. Arnold, 11 Mass. 27; Frisby v. Stewart, 5 Sandf. 101; Loomis v. Simpson, 13 Iowa, 532; Bissell v. Roden, 34 Miss. 64; Wharton on Agency, 348.

Right to recover interest, Rev. Stat. 614, §§ 2, 3, 4; Davis et. al. v. Kenaga, 51 Ill. 170; Ayers v. Metcalf, 39 Ill. 307; Clement v. McConnell, 14 Ill. 154; Sammis v. Clark, 13 Ill. 544.

Mr. F. C. HALE, for appellee; that the verdict should not be set aside, cited T. W. & W. Ry. Co. v. Moore, 77 Ill. 217; Green v. Saveland, 40 Wis. 431; Saveland v. Green, 36 Wis. 612.

Upon admission of evidence and ratification, Crist v. Wray, 76 Ill. 204; Green v. Saveland, 40 Wis. 431; Chicago v. Robbins, 2 Black. 423; City of Boston v. Worthington, 10 Gray, 498; Elliot v. Hayden, 104 Mass. 182; Bigelow on Estoppel, 510; Law v. Cross, 1 Black. 539; Norris v. Cook, 1 Curtis, 464; Marshall v. Williams, 2 Bissell, 256; Barrett v. Brown, 105 Mass. 557; Kelsey v. Nat. Bank, 69 Penn. 430.

Sufficiency of declaration, Saveland v. Green, 36 Wis. 612; Nash v. Towne, 5 Wall. 702; Ford v. Williams, 21 How. 289; Oelrichs et al. v. Ford, 23 How. 63; Berkley et al. v. Pergrove, 1 East. 220; Bachelder v. Fiske, 17 Mass. 469; Hoppers v. Straw, 10 Leigh, 351; Abraham v. Dunnigan, 6 Duer, 630; Taylor v. Stray, 89 Eng. C. L. 193.

Agency, Wharton on Agency, § 316; 2 Robinson's Prac. 433; 3 Jurist, 964; 1 Am. Leading Cas. 870; Durant v. Burt, 98 Mass. 161; Camp v. Bostwick, 20 Ohio St. 347; Morris v. Milwaukee Dock Co. 21 Wis. 133; Saveland v. Green, 36 Wis. 612.

HEATON, P. J.   This was an action of assumpsit, brought by appellee against appellant, in the Superior Court of Cook county.   The declaration contains a special count on a contract alleged to have been made between the parties, and commences with a recital, in substance, that the plaintiff, as agent of defendant, but in his own name, contracted with Geo. J. Jones & Company, of Milwaukee, to charter to said Jones & Co. the defendant's vessel, the B. F. Bruce, to carry a load of 45,000 bushels of wheat from Milwaukee to Buffalo, at ten cents per bushel; that said defendant was fully advised of the terms of said agreement, and being so advised, did, on the 30th day of August, 1873, promise and agree to and with the plaintiff that the said vessel should be in Milwaukee to take such load of wheat, on to wit: the 10th day of September, 1873; that said vessel did not go to Milwaukee; that said Jones & Co. were on

Kelderhouse v. Saveland.

said 10th day of September, and for several days thereafter, ready, willing, and offered to furnish said cargo of wheat, to be carried from Milwaukee to Buffalo, and to pay according to agreement; but the defendant not regarding such agreement, neglected to furnish said vessel, and in consequence of such neglect, plaintiff became liable to said Jones & Co. upon his contract so made with them; that said Jones & Co. had to and did charter another vessel, and had to pay an increased rate of 4¼ cents per bushel to carry the said wheat; that plaintiff had suffered the amount of such increase of rate in damages for and on account of defendant's failure to keep his said contract with plaintiff. The declaration also contains the common counts. The plea was the general issue, cause tried by a jury, damages assessed in favor of plaintiff, motion for a new trial, and in arrest. Motions overruled, and judgment on the verdict, and for costs. The bill of exceptions purports to set forth all the evidence, but we fail to find the contract alleged to have been made with Geo. J. Jones & Co. by plaintiff, and the telegram alleged to have been first sent by one Bone to plaintiff. On the trial of the cause, the plaintiff offered in evidence a statute of Wisconsin, incorporating the Chamber of Commerce of Milwaukee; also, certain proceedings before the committee of arbitration of said Chamber of Commerce, between the plaintiff and said Jones & Co., in regard to the aforesaid contract between them, in respect to the B. F. Bruce, and the award of the said arbitrators, fixing the amount of said Jones & Co.'s damages for the alleged breach of said plaintiff's contract with them.

It also appears that the court instructed the jury, that plaintiff was entitled to recover interest on the amount of damages paid Geo. J. Jones & Co. by plaintiff, from the time of such payment, if such was the true amount of damages suffered by plaintiff.

The first point we notice is: Was the averment in the declaration, that the defendant had full knowledge of the terms of plaintiff's contract with said Jones & Co., and the further averment that the B. F. Bruce was, by the terms of the contract between plaintiff and defendant, to be at Milwaukee on the 10th of September, to receive said load of wheat, proven? We fail

Kelderhouse v. Saveland.

to find such proof in the record. It was not proved by the telegram, " Bruce is chartered, 10 cents to arrive," without further proof of some trade meaning attached to those words. The question, " When will she be here? " seems not to have been answered, and no time fixed, and no further knowledge upon the subject of plaintiff's contract with Jones & Co. is shown to have been had by defendant; as to what, in fact, were the terms of that contract, does not appear. If the words used in the telegrams had any definite meaning as to time, by the custom of the trade, such meaning should have been proven. We think these allegations in the declaration material, and should have been proved; that the allegations and proof in actions upon special contracts must agree, or no recovery can be had.

The second point we notice is, that a recovery, if had in this case, must be for a breach of an executory contract, sounding in damages only, and on such a recovery no interest can be allowed under our statute. The payment by plaintiff to Jones & Co. of the amount of the award, whether in fact the true amount of plaintiff's damages or not, did not, as between plaintiff and defendant in this case, make such amount liquidated damages. The same could not be recovered as liquidated damages upon the money counts, as so much money advanced by plaintiff to defendant's use, and we think such right to recover upon the money counts a good test in this case of plaintiff's right to recover interest. We therefore think the giving of the instruction was error.

The third point we notice, is the admission of the statutes of Wisconsin, the proceedings before the board of arbitrators of the Chamber of Commerce of Milwaukee, and the award of such board, in evidence. We are unable to discover any legitimate purpose for the introduction of such proof. It was admitted by the court against defendant's objection. We think it tended to, and probably did, fix in the minds of the jury the exact amount of plaintiff's recovery. We cannot say, under all the proof in this case, that it did no harm to defendant. We, therefore, think the admission of such evidence error, and that for these errors the judgment should be reversed and the cause remanded.

Judgment reversed and cause remanded.